1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

| | |
|---|---|
| EDWARD ROOSEVELT WHITTINGTON,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>STEVEN SINCLAIR,<br><br>　　　　　　　　　Respondent. | Case No. C15-652 RAJ-BAT<br><br>**REPORT AND<br>RECOMMENDATON** |

12

13

14

15

16

17

18

　　　　Petitioner Edward Roosevelt Whittington filed this action under 28 U.S.C. § 2254 challenging his December 2004 convictions in King County of two counts of first degree rape. Dkt. 1.  He did not pay the Court's filing fee or submit an application to proceed *in forma pauperis.  Id.*  The Court's records reflect that Mr. Whittington previously filed a federal petition for habeas corpus relating to his 2004 convictions on February 14, 2012.  *See Whittington v. Miller-Stout,* USDC No. C12-269-TSZ-BAT.  Therefore, this petition is a second or successive petition which must be transferred to the Ninth Circuit.

19

**BACKGROUND**

20

21

22

23

　　　　In December 2004, Mr. Whittington was convicted after a King County jury trial of two-counts of first-degree rape.   Case No. C12-269, Dkt. 18-1, at 2.  In January 2008, on direct appeal the Washington Court of Appeals vacated the second count because it was a violation of double jeopardy to enter two convictions for a single crime.  *Id.*, Dkt. 18-3, at 84.  The state

REPORT AND RECOMMENDATON - 1

appellate court also directed the trial court to modify the judgment and sentence to strike any conditions of community custody relating to children because the rape victim was a 49 year-old woman. *Id.*, Dkt. 18-3, at 89. On October 1, 2008, the Washington Supreme Court denied his petition for review. *Id.*, Dkt. 18-3, at 139. The Washington Court of Appeals issued the mandate on November 5, 2008, instructing the trial court to conduct further proceedings consistent with the January 2008 appellate decision. *Id.*, Dkt. 18-4, at 2.

Thereafter, Mr. Whittington filed three personal restraint petitions ("PRPs") that challenged the judgment and sentence at issue here. The first PRP was filed on August 21, 2009. *Id.*, (Dkt. 18-4, at 4 (No. 64080-1-I). In September 2009, the Washington Court of Appeals dismissed the first PRP. *Id.*, Dkt. 18-4, at 15–20. In January 2010, the Washington Supreme Court denied discretionary review of the first PRP (*id.*, Dkt.18-4, at 30–31) and, on March 3, 2010, denied Mr. Whittington's motion to modify the ruling (*id.*, Dkt. 18-4, at 39). The second PRP was filed around April 21, 2010. *Id.*, Dkt. 18-4, at 51. On June 25, 2010, the state court of appeals dismissed the second, successive PRP as frivolous and untimely. *Id.*, Dkt. 18-4, at 53. The state supreme court denied discretionary review of the second PRP because Mr. Whittington had failed to demonstrate an exemption from the time-bar (*id.*, Dkt. 18-4, at 61–62), and later denied a motion to modify the ruling (*id.*, Dkt. 18-4, at 69). The third PRP was filed around April 17, 2011. *Id.*, Dkt. 18-4, at 94. The state court of appeals dismissed the third PRP as time-barred. *Id.*, Dkt. 18-4, at 113–14. The state supreme court denied discretionary review of the third PRP as time-barred (*Id.*, Dkt. 18-4, at 134–35) and denied a motion for discretionary review in February 2012 (*id.*, Dkt. 18-4, at 141).

Although the Washington Court of Appeals vacated Count II and ordered modifications to the conditions of community custody in a January 2008 decision and the mandate issued in

1  that case in November 2008, the King County Superior Court did not enter agreed orders

2  amending the judgment and sentence until April 27, 2012.  *Id.*, Dkt. 18-4, at 145, 147, 149–50.

3  Mr. Whittington placed his first federal habeas petition into the prison mail system on February

4  12, 2012.  *Id.,* Dkt. 1, at 14.

5       The Court dismissed Mr. Whittington's first petition as time-barred.  In the original

6  Report and Recommendation, the Court found that Mr. Whittington's judgment became final for

7  purposes of 28 U.S.C. § 2244(d)(1) on January 2, 2009, i.e., 90 days after the Washington

8  Supreme Court denied his petition for review on direct appeal.  *Id.*, Dkt. 20, at 4.  That

9  conclusion was adopted.  *Id.,* Dkt. 24.  The Court recommended that a COA issue because there

10 was a debatable issue as to whether Mr. Whittington's judgment may have become final on May

11 28, 2012, i.e., 30 days (omitting the terminal Sunday) after the superior court finally

12 implemented the Washington Court of Appeals' decision on direct appeal that vacated Count II

13 and struck certain conditions of community custody.  *Id.*, Dkt. 20, at 4–7, 11.  At that time, the

14 Court did not proceed to determine whether Mr. Whittington could make a substantial showing

15 of a constitutional violation because the Court raised the question of § 2244(d)(1)(A) finality *sua*

16 *sponte* and the parties had directed their briefing to the time-bar issue and not to the merits.

17      In a second Report and Recommendation, the Court addressed Mr. Whittington's claims

18 on the merits.  He raised four grounds for relief:  (1) a constitutional speedy-trial violation; (2)

19 prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) an amalgam of

20 allegations regarding (a) jury misconduct, (b) non-comparability of prior convictions for

21 sentencing purposes and (c) ineffective sentencing counsel.  This Court concluded that there is

22 no colorable claim that the state-court adjudication of Mr. Whittington's claims was an

23 unreasonable application of established federal law or an unreasonable determination of the

REPORT AND RECOMMENDATON - 3

1    facts.  *Id.*, Dkt. 25, 3-9.  The Court further concluded that the COA should be denied because Mr.

2    Whittington cannot make a substantial showing of the denial of a constitutional right as required

3    by 28 U.S.C. § 2253(c).  *Id.*, 9.

4           On March 18, 2013, the Ninth Circuit Court of Appeals denied Mr. Whittington's request

5    for a certificate of appealability and denied all pending motions as moot.  *Id.*, Dkt. 31 (No. 13-

6    35060).

7                                              **DISCUSSION**

8           In his current habeas petition, Mr. Whittington argues that because the trial court did not

9    enter agreed orders amending the judgment and sentence until April 27, 2012, his conviction did

10   not become final for purposes of the statute of limitations until April 27, 2013.  This very issue

11   was previously adjudicated and resolved in Case No. 12-269.

12          If a petition is second or successive, then petitioner must seek authorization from the

13   Court of Appeals before filing the new petition with the district court.  28 U.S.C. § 2244 (b) (3)

14   (A).   Ninth Circuit Rule 22-3 (a) provides guidance:

15          Any petitioner seeking leave to file a second or successive 2254 petition or 2255
            motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An
16          original and five copies of the application must be filed with the Clerk of the
            Court of Appeals.  No filing fee is required.  If a second or successive petition or
17          motion, or application for leave to file such a petition or motion, is mistakenly
            submitted to the district court, the district court shall refer it to the court of
18          appeals.

19                                             **CONCLUSION**

20          The Court recommends that this petition be referred to the Ninth Circuit and that the file

21   be administratively closed without deciding whether the petition should be dismissed.

22          Any objections to this Recommendation must be filed and served upon all parties no later

23   than **Tuesday, May 19, 2015.**  The Clerk should note the matter for **Thursday, May 21, 2015,**

REPORT AND RECOMMENDATON - 4

as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

DATED this  28th  day of April, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON - 5